UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

    -against-

BRITANNICA HOME FASHIONS, INC.,

    Defendant.
------------------------------------------------------------X

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "Plaintiff" or "Travelers"), by and through its attorneys, Lennon, Murphy & Phillips, LLC, as and for its Complaint against the Defendant, BRITANNICA HOME FASHIONS, INC. (hereinafter "Defendant" or "Britannica"), alleges, upon information and belief, as follows:

1. This action is brought pursuant to 28 U.S.C. § 2201 and seeks a declaration of the rights, duties and obligations of the parties with respect to a certain policy of marine insurance underwritten by Travelers, namely Cargo Elite Policy number ZOC-71M29855-15-ND (hereinafter the "Policy"), and issued to Britannica.

2. The subject matter of the Policy concerns Britannica's goods consisting principally of home furnishings and similar merchandise. The Policy responds in situations where Britannica's goods are lost or physically damaged during transit, and pursuant to the Policy's Warehouse Endorsement, also responds to Britannica's goods that are damaged while stored in warehouses pursuant to the Policy's terms.

3. On or about September 1, 2021, certain of Britannica's goods were damaged or destroyed when its Branchburg, New Jersey warehouse, located at 271 Chambers Brook Road, flooded as a result of Hurricane Ida. Britannica promptly notified Travelers of the water damage

1

to its goods and submitted a claim. Travelers assigned claim number E3N8747. Travelers subsequently investigated and adjusted Britannica's claim. Travelers paid Britannica the amount of $5,086,721.19 (the "Undisputed Amount") for damage to Britannica's goods pursuant to the terms of the Policy.

4. At issue in this litigation is not the Undisputed Amount already paid by Travelers to Britannica, but rather Britannica's additional and most-recent supplemental claim for alleged water damage to its "samples," *i.e.* promotional materials that were never intended for sale. A dispute has arisen between Travelers and Britannica concerning: (1) Britannica's failure to adequately substantiate its claim for allegedly damaged samples, and (2) concerning the Policy's valuation of damaged samples pursuant to Policy clause 67 (the "Samples Coverage Clause").

5. Travelers seeks a judgment declaring that it is not obligated to pay additional amounts to Britannica with respect to alleged damage to Britannica's samples.

6. Alternatively, Travelers seeks a judgment declaring that the appropriate valuation for Britannica's damaged samples, if any, must be based upon the Samples Coverage Clause, which provides that the value is "actual cash value or the cost to reproduce same, whichever is less."

7. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this action involves a dispute over a maritime contract, *i.e.*, a marine insurance policy, and involves damage to cargo covered by an ocean marine cargo policy. Additionally, Policy clause 71, *i.e.,* the Legal Construction Clause, provides that the general maritime law shall apply.

8. Travelers is an insurance company and a citizen of the State of Connecticut with its principal place of business in Hartford, Connecticut.

9.     Britannica is an importer and seller of home furnishings and a citizen of the State of New York with its principal place of business in New York, New York.

10.    In addition to admiralty jurisdiction, subject matter jurisdiction exists on the alternative basis of diversity of citizenship under 28 U.S.C. § 1332 because Travelers and Britannica are citizens of different States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.    At all times relevant hereto, Travelers duly issued the Policy to Britannica in New York. The Policy was negotiated through Britannica's New York insurance broker, Hiram Cohen & Son Inc. The Policy attached to Britannica's shipments made on or after April 1, 2015. The Policy was in force at the time of Hurricane Ida on September 1, 2021.

12.    In addition to the Undisputed Amount already paid by Travelers, Britannica has more recently claimed that it is owed additional sums for allegedly damaged samples.

13.    The parties disagree about how the Policy values promotional samples not intended for sale on the one hand as opposed to goods actually intended for sale on the other hand. During the claim process, Britannica has incorrectly argued to Travelers that the valuation for damaged samples should be Cost, Insurance, and Freight ("CIF") plus 60%. That is, Britannica contends that its promotional samples should be valued in the same manner as its goods intended for sale, *i.e.* without regard to the Samples Coverage Clause.

14.    Pursuant to the Policy's unambiguous language, and as explained in Travelers' partial denial letter of June 10, 2022, the appropriate valuation for damaged samples, if any, is governed by the Samples Coverage Clause, which provides:

> 67. Samples Coverage Clause
>
> This policy is extended to cover promotional material of the Assured, not intended for sale, which does not appear on the shipment invoice. The value of goods and/or

merchandise insured hereunder shall be the actual cash value or the cost to reproduce same, whichever is less.

15. As applied to Britannica's insurance claim for allegedly damaged samples, the proper valuation is actual cash value ("ACV") or the cost to reproduce those samples, whichever is less.

16. Britannia has failed to support its claim that it owned samples which were actually damaged in the warehouse flood. Further, Britannica's damaged samples claim has been constantly changing in terms of valuation and also in terms of particularizing what items were actually damaged.

17. Initially, Britannica represented to Travelers that it had received the subject samples from its overseas suppliers for <u>free</u>, *i.e.*, at no cost to Britannica, and therefore Britannica had initially claimed that Travelers should pay only the freight charges associated with importing those free samples plus 60%, which according to Britannica totaled $1,647,564.80. Subsequently, however, Britannica backtracked and changed its position by claiming that it was owned only $1,029,728.00, *i.e.*, the alleged cost to transport the free samples but without the initially-claimed 60% uplift.

18. On June 10, 2022, Travelers issued a partial declination with respect to the portion of Britannica's claim that sought to recover the freight charges allegedly incurred to import free samples. Travelers did so on the basis of the Samples Coverage Clause. Thereafter, Travelers closed Britannica's claim.

19. However, on or about August 24, 2022, Britannica re-submitted to Travelers its claim for allegedly damaged samples, but this time in the amount of $3,677,974.10, which according to Britannica reflected a valuation of CIF plus 60%. Britannica's most-recent position is that the samples were not free (as it had originally represented to Travelers) and that Britannica

had been mistaken when it advised Travelers that Britannica had received the samples at no cost.

20. Currently, Britannica contends that 0.5% of the order/invoice values for its goods intended for sale reflect the cost of the samples. Britannica does so notwithstanding that its samples never appeared on the shipment invoices. Regardless of Britannica's argument, it is the Samples Coverage Clause that controls the valuation of damaged samples.

21 On September 6, 2022, Travelers denied Britannica's samples claim, which Britannica had valued at CIF plus 60%. Travelers did so on the basis of the Samples Coverage Clause. However, in its denial letter Travelers stated that should Britannica wish to pursue a claim for the ACV or the cost to reproduce the samples, whichever is less, it should submit documentation to substantiate its loss.

22. Additionally, in its most-recent claim submission, Britannica provided Travelers with fourteen bills of lading for review, which according to Britannica evidenced 140,000 lbs. worth of samples that it claimed had been damaged in the flood. However, the bills of lading provided by Britannica to Travelers raised more questions than answers, including because Britannica claimed that the allegedly damaged samples consisted of pillows, quilts, comforters, coverlets, towels and the like. Far from consisting of bedding and towels, thirteen of the fourteen bills of lading inconsistently described the goods as "furniture" or "NY to NJ" or "NY boxes and furniture." According to Britannica, each of the fourteen shipping containers was said to contain samples that weighed 10,000 pounds, which is illogical given the nature of the samples claimed. In fact, only one of the fourteen bills of lading provided by Britannica to Travelers contained the word "pillows" in the description of goods section.

23. When Travelers questioned Britannica about the veracity of its samples claim and asked Britannica to explain the inconsistencies in the fourteen bills of lading that it had provided,

Britannica responded that the descriptions on the bills of lading "were not accurate" but that the pallet count on those bills of lading should be believed. Britannica also alleged that no internal packing lists had been generated for those fourteen containers, and thus there were no packing lists for Travelers to examine.

24.  An actual and justiciable controversy exists between Travelers and Britannica concerning whether Britannica's samples were actually damaged in the warehouse flood.

25.  Moreover, an actual and justiciable controversy exists between Travelers and Britannica concerning whether the Samples Coverage Clause controls the valuation of any covered samples.

26.  By reason of the foregoing, Travelers is entitled to a declaratory judgment declaring that it has no further obligation to provide insurance coverage to Britannica under the Policy in relation to the allegedly damaged samples.

**WHEREFORE,** Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA seeks a judgment declaring that pursuant to the terms of the Policy, it has no further obligation to provide insurance coverage to BRITANNICA HOME FASHIONS, INC. in connection with the allegedly damaged samples that are the subject of this lawsuit.

Travelers further prays that the judgment grant it the costs and expenses of this action and such other relief as this Court may deem just and proper.

Dated: March 14, 2023

        Attorney for Plaintiff,
        TRAVELERS PROPERTY CASUALTY
        COMPANY OF AMERICA,

        */s/ Charles E. Murphy*

        Charles E. Murphy, Esq.
        LENNON MURPHY & PHILLIPS, LLC
        The Graybar Building
        420 Lexington Ave., Suite 300
        New York, New York 10170
        (212) 490-6070
        cmurphy@lmplaw.net